27 C.C.P.A.(Patents)

### In re MIGRDICHIAN.
### Patent Appeal No. 4228.

Court of Customs and Patent Appeals.
Dec. 26, 1939.

Ellis S. Middleton, of New York City, for appellant.

Howard S. Miller, of Washington, D.C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner, rejecting all of the claims 1 to 13 inclusive of an application for a patent for "Liquid Fumigant."

Claims 1 and 13 are illustrative and read as follows:

"1. A fumigant composition comprising a cyanhydrin in a non-aqueous vehicle."

"13. A fumigant composition comprising an acetone cyanhydrin in a vehicle comprising a mixture of carbon tetrachloride and ethylene dichloride."

The references cited are:

Seil et al., 1,559,961, November 3, 1925;

Laine (French), 613,046, August 13, 1926;

Christmann, 1,620,074, March 8, 1927;

Johnson (British), 322,179, November 27, 1929;

Moore, 1,761,144, June 3, 1930;

Netherlands Patent, 33,293, June 16, 1934.

The application relates to a liquid fumigant composition comprising a cyanhydrin in a non-aqueous vehicle. A cyanhydrin and a non-aqueous vehicle is specifically set out in claim 13 as an acetone cyanhydrin and a mixture of carbon tetrachloride and ethylene dichloride.

The Seil patent relates to an improvement in insecticides and discloses a composition comprising a solution of cyanhydrin in water.

The Christmann patent relates to insecticides and discloses solutions such as acetone cyanhydrin in water.

The patent to Moore relates to insecticides and discloses the use of aminonitriles

and a combination of aminonitriles and nitriles. Acetone cyanhydrin as an example of nitriles is mentioned. The patent states one of the common vehicles that can be used is kerosene.

The Johnson patent relates to "Improvements in the Manufacture and Production of Agents for Combating and Destroying Pests." It discloses a combination of cyanides with a non-aqueous vehicle. The patent states that the hydrocyanic acid contained in the cyanides is set free by the moisture or carbon dioxide in the air.

The Laine patent relates to an insecticide and discloses the use of hydrocyanic acid in a solvent vehicle of several non-aqueous liquids, among which is carbon tetrachloride.

The Netherlands patent relates to a "Process for the Combatting of Insects." It discloses a combination of esters of cyanhydrins with various non-aqueous vehicles which include petroleum and petroleum fractions.

All of the claims were rejected by the examiner on the Christmann or Seil patents in view of the other four references. Claims 1 to 4 inclusive and 9 to 11 inclusive were also rejected by him on the Moore patent alone and as to the balance of the claims he ruled that "no invention is seen in substituting carbon tetrachloride or mixtures thereof for the kerosene."

The Board of Appeals stated that in its view there is nothing inventive in the use of a non-aqueous solvent as it is a mere matter of choice clearly indicated by the art cited.

Two petitions for reconsideration of its decision were denied in written decisions by the board.

The alleged invention here consists of a fumigating composition which combines a cyanhydrin and a non-aqueous vehicle, more specifically "in the combination of acetone cyanhydrin in an organic vehicle, e.g., a hydrocarbon solvent such as naphtha, carbon tetrachloride or ethylene dichloride."

There can be no question but that the patents to both Christmann and Seil et al. disclose the use of a cyanhydrin such as acetone cyanhydrin as an ingredient of a liquid fumigant and insecticide. While neither of these patents discloses the use of a non-aqueous vehicle for the cyanhydrin, nevertheless, the use of such a chemical for its stated purpose was well known in the art, as shown by the Laine, Netherlands, Johnson and Moore patents, when the present application was filed. This is not disputed.

It seems apparent to us, as it did to the examiner, that the Moore patent, which shows the combination of acetone cyanhydrin and aminonitriles and also discloses that kerosene which is non-aqueous can be used as a common vehicle for the said combination, fully meets claims 1 to 4 inclusive and 9 to 11 inclusive. Therefore, we agree with the examiner that the teaching of the Moore patent fully meets these claims in that it discloses a combination of a cyanhydrin with a non-aqueous vehicle.

It appears that the use of organic solvents as carriers for insecticides is conventional. Appellant admits this to be true from what appears in an excerpt from a letter filed by his counsel in this proceeding, and quoted by the examiner, as follows: "We, of course recognize that the use of organic vehicles or aqueous vehicles is customary practice in the insecticide art, using, however, particular insecticides. We do not find, however, nor has the Examiner pointed out the prior suggestion of a cyanhydrin used with a non-aqueous vehicle."

On the basis of the foregoing quotation, the examiner stated: "The examiner does not consider it necessary to point out that the combination of any particular insecticide with a non-aqueous vehicle has been suggested before if, as applicant's counsel admits, the use of either vehicle is customary with other insecticides. There is no invention in trying any particular insecticide in a non-aqueous vehicle and finding that the composition is suitable as an insecticide. The fact that a scientific discovery of some of the properties of the compounds is made is considered to be of no consequence. The obvious thing to try is a non-aqueous solvent if water is undesirable as a vehicle. This is just what applicant has done and no more."

With respect to claim 13, the board stated that it specifies a specific solvent mixture not disclosed in the references; but the board held that the acetone cyanhydrin set out in the said claim is old and both solvents are old, and that it is a matter of common knowledge to use mixed solvents. We agree with the board in this respect, and it also appears to us, as stated by the

27 C.C.P.A.(Patents)

board, that even though claim 13 defines specifically a new composition, there is nothing critical or inventive connected with it. Since the solvents are old, mixing them together cannot be regarded as anything but a judicious selection of solvents. It does not appear here that the components of the solvent mixture act differently upon the elements of the substance dissolved in the solution, and, therefore, it must be held that there is no invention in mixing carbon tetrachloride and ethylene dichloride for a vehicle, as shown in claim 13.

We think that invention is not involved in taking a known insecticide and combining it with a conventional non-aqueous vehicle. It was, as stated by the examiner, the obvious thing to try if it was not desired to use water as a carrier. This holding by the examiner appears to harmonize with the case of In re Wietzel et al., 39 F.2d 669, 672, 17 C.C.P.A., Patents, 1079, wherein the court quoted language of the Board of Appeals as follows: "And, where there is no real reason to suppose that the result would not be produced there is no invention in trying it and finding out that the process is successful."

Appellant contends it was not known that cyanhydrin would function in a non-aqueous vehicle. It seems quite clear to us that the cited prior art herein discloses cyanhydrin in non-aqueous solutions, among which is to be noted kerosene. Since the composition is, therefore, old, as shown by the prior art, it follows that the functioning of cyanhydrin in a non-aqueous vehicle is inherent in the compound, and that, therefore, a scientific discovery of that property cannot lend patentability to the claims. In re James, 83 F.2d 313, 23 C.C.P.A., Patents, 1124; In re McCallum et al., 79 F.2d 924, 23 C.C.P.A., Patents, 760; In re Newton et al., 96 F.2d 291, 25 C.C.P.A., Patents, 1106.

We cannot agree with appellant's contention that the refusal of the board to grant a patent was based upon a misapprehension of the chemical facts involved. The record here convinces us that the claims were rejected upon the fact that the composition claimed is obvious from the disclosure of the prior art.

The decision of the Board of Appeals is affirmed.

