(34 C.C.P.A.Patents)

## In re VINCENT.
### Patent Appeal No. 5253.

Court of Customs and Patent Appeals.

Feb. 11, 1947.

Rehearing Denied March 21, 1947.

Pennie, Edmonds, Morton & Barrows, of New York City (Louis D. Forward, of New York City, and Clarence M. Fisher, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 1 to 6, inclusive, in appellant's application for a patent for an alleged invention relating to a method of treating solutions of cellulose esters.

Claims 4 and 6 were rejected as being drawn to non-elected species and, therefore, need not be considered here on their merits.

Counsel for appellant moved to dismiss claim 2. The motion will be granted.

Claims 3 and 5 are illustrative of the appealed claims. They read:

"3. In the bleaching of cellulose acetate the step which comprises adding sodium chlorite to the esterifying solution prior to precipitation of the cellulose acetate.

"5. In the manufacture of acetone soluble cellulose acetate the step which comprises adding sodium chlorite to the solution in which the cellulose acetate is formed during hydrolysis of the cellulose acetate.

The references relied upon are: Taylor et al., 2,100,496, November 30, 1937; Schneider, 2,109,509, March 1, 1938.

Appellant's process relates to the bleaching of cellulose acetate solutions and removing objectionable corrosive materials. The material resulting from the process is used in molded plastics, photographic films, in lacquers and, as stated in the application, the resultant product is soluble in acetone.

In accordance with the process, as defined by the appealed claims, appellant prepares the cellulose acetate by treating cellulose material with "acetic anhydride in the presence of a catalyst and a solvent." Sodium chlorite is then added to the solution prior to precipitation of the cellulose acetate, as stated in claim 3, or during hydrolysis of the cellulose acetate, as stated in claim 5.

The patent to Schneider relates to the "treatment of organic derivatives of cellulose to reduce their corrosive properties and color and increase their clarity characteristics." The patentee teaches the addition of a solution of hypochlorite to cellulose derivatives, including cellulose acetate, before or during the hydrolysis and ripening step, although he also states that he prefers to treat the cellulose derivatives at the end of the "hydrolysis or ripening step."

The patent to Taylor et al. relates to the bleaching of cellulose and cellulose derivatives and discloses the use of sodium chlorite for that purpose. The patentees teach that the hypochlorites disclosed in the patent to Schneider "tend to exert a destructive action upon the cellulosic material itself when an attempt is made to secure maximum bleaching results." and that sodium chlorite not only effects the required

878

bleaching but lacks the tendency to exert a destructive action upon the cellulosic material.

In view of the disclosure in the patent to Taylor et al., the sole issue in the case is whether it involved invention to substitute sodium chlorite, as disclosed in the Taylor et al. patent, in place of hypochlorites to the cellulose acetate, as disclosed in the patent to Schneider.

It clearly appears from the patent to Taylor et al., as hereinbefore noted, that sodium chlorite not only effects the required bleaching but lacks the tendency to exert a destructive action upon cellulose or cellulose derivatives.

The claims were rejected by the Patent Office tribunals on the patent to Schneider in view of the patent to Taylor et al., each of those tribunals holding that the process defined by the appealed claims was identical in substance with the process disclosed in the patent to Schneider, except that the patentee discloses hypochlorites instead of sodium chlorite, as called for by the appealed claims; and that, as the patent to Taylor et al. clearly discloses that sodium chlorite is a well known bleaching agent and also destroys objectionable corrosive properties, it would be obvious for one skilled in the art to substitute sodium chlorite, as disclosed in the patent to Taylor et al., for a hypochlorite disclosed in the patent to Schneider.

Counsel for appellant here contends that the use of sodium chlorite in the patent to Taylor et al. was for "bleaching crude fibrous cellulosic materials" and that the patent apparently does not disclose its use, either prior to or during the hydrolysis of cellulose acetate, and that, therefore, the patent to Taylor et al. does not suggest the use of sodium chlorite in a process such as defined by the appealed claims.

The difficulty with that argument is that the patent to Taylor et al. teaches the use of sodium chlorite for cellulose or cellulose derivatives.

We are in agreement, therefore, with the views expressed by the tribunals of the Patent Office that as the patent to Taylor et al. teaches that sodium chlorite is not only a bleaching agent but also does not

exert a destructive action upon cellulose or cellulose derivatives, it would be obvious for one skilled in the art to use sodium chlorite, even though a lesser quantity is required, and discover that it could be effectively used with beneficial results in place of the hypochlorites disclosed in the patent to Schneider. See In re Wietzel 39 F.2d 669, 17 C.C.P.A., Patents, 1079, 1083 and In re Migrdichian, 108 F.2d 237, 27 C.C.P.A., Patents, 806, 809.

We have given careful consideration to the arguments presented by counsel for appellant but are of opinion that the tribunals of the Patent Office reached the right conclusion.

The appeal as to claim 2 is dismissed.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.